IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANDRA DIANE WALLACE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | JURY TRIAL |
| CAPSTONE REAL ESTATE | § | |
| SERVICES, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Sandra Diane Wallace (hereinafter "Plaintiff"), filing this her *Plaintiff's Original Complaint* complaining of Capstone Real Estate Services, Inc., (hereinafter "Defendant" or "Capstone"), showing in support thereof as follows:

1. This is an action by Plaintiff against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), and for depriving Plaintiff of retirement/employment benefits in violation of 29 U.S.C. §§ 1001 et seq., ("ERISA"). Plaintiff seeks damages and reasonable attorney's fees.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343, as the causes of action involve a federal question based upon the Fair Labor Standards Act, and ERISA.

3. This action lies in the United States District Court for the Southern District of Texas, Corpus Christi, pursuant to 28 U.S.C. § 1391(b), as it is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Defendant is a domestic for-profit corporation, with its principal place of business located in Austin, Texas, and is a full-service third-party residential management company, managing over 38,000 multi-family units throughout the United States, and may be served with process via it's registered agent, to wit: Mike Gettman, at 210 Barton Springs Road, Suite 300, Austin, Texas

78704.

5. At all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Defendant employed Plaintiff from February 2017, through May 1, 2018. During her employment, Plaintiff worked as a Residential Property Manager. Defendant, at all times relevant to the violations of the FLSA, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

7. Throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

## I.
## BACKGROUND FACTS

8. In February, 2017, Plaintiff was hired as the Property Manager of The Cove, which is an apartment complex in Ingleside, Texas, and remained employed at The Cove until she was fired on or about May 1, 2018.

9. On or about August 25, 2017, a category four hurricane – Hurricane Harvey – made landfall in Ingleside. In the aftermath, beginning on August 26, 2017, and continuing through September 23, 2017, Plaintiff worked every single day without a day off, which resulted in Plaintiff working 344 hours of overtime, which she was not paid for.

10. Beginning on or about September 22, 2017, Plaintiff began asking about being compensated for the overtime hours she worked. Plaintiff asked and complained not only for herself, but also for the employees who worked for her at The Cove – Brittany Jasso (Assistant Manager) and Tabitha Riley (Leasing Agent).

11. In September 2017, Plaintiff first asked Tommie Ann DeLeon (the former Regional Manager above Plaintiff) who was unresponsive to her requests to be paid. As a result, beginning

in November 2017, Plaintiff repeatedly complaining about not being paid for her overtime. First, Plaintiff complained to Susan Hairgrove (the former temporary Regional Manager). Apparently Hairgrove spoke with her supervisor – Michelle McMillan (Regional Vice President) – who reported that Capstone had declined to pay Plaintiff for the overtime hours she worked. Beginning in January 2018, Plaintiff repeatedly complained directly to McMillan. On or about January 24, 2018, Plaintiff complained to McMillan in writing about Capstone's overtime violations.

12.    After Plaintiff began complaining directly to McMillan, McMillan immediately began retaliating against her. For instance, McMillan's attitude toward Plaintiff was angry, mean and condescending.

13.    Beginning March 19, 2018, through April 2, 2018, Plaintiff used approved vacation time to be with her daughter who was having a baby. When Plaintiff returned to work, she learned she had been replaced by a Hispanic female who is under 40, Monica Hernandez. While Plaintiff's pay was not reduced, Plaintiff was told to sit at the leasing agent desk and was stripped of her management duties.

14.    On April 7, 20181, Plaintiff complained in writing to Capstone's Human Resources Director, about Capstone's overtime violations. On April 12, 2018, Plaintiff was suspended and sent home. On April 25, 2018, Plaintiff complained to McMillan in writing that she felt like she was being discriminated against. In response, Plaintiff was ordered to meet with McMillan and Gina Amaya, (the Director of Human Resources). At the May 1, 2018, meeting Plaintiff was given a Memorandum of Agreement which admitted that the company failed to pay her for 344 hours of overtime. At the same meeting, Plaintiff was intimidated and pressured into signing a Separation Agreement and General Release, which she refused.

## II.
## **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT "FLSA"**

15.     Plaintiff was not paid time and one-half her regular rate of pay for hours worked in excess of 40 hours in any one workweek.

16.     During Plaintiff's employment, Defendant required, suffered or permitted Plaintiff to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

17.     Defendant was aware that the FLSA required it to pay Plaintiff time and one-half of her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

18.     Defendant was aware that Plaintiff had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff.

19.     Defendant's failure to properly compensate Plaintiff was willfully perpetrated and Plaintiff is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

20.     Alternatively, should the Court find that Defendant did not act willfully in failing to pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime.

21.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages and reasonable attorney's fees and costs.

## III.
## RETALIATORY DISCHARGE

22. It is against public policy to retaliate against any employee for claiming rights under the Fair Labor Standards Act, as amended, §§201, 207, 216 and 255, *et seq*., which require compensation to be paid at one and one-half times the regular rate of pay for any hours worked over forty in a single workweek.

23. Plaintiff was engaging in protected activity when alerting and complaining to Defendant about said employer's failure to pay wages at one and one-half times the regular rate of pay for overtime hours worked, when claiming back wages due, and when she requested that Defendant comply with the State and Federal law.

24. In retaliation for making said complaints and demands with Defendant, Defendant demoted Plaintiff, replaced her with a Hispanic female who is under the age of 40, generally set Plaintiff up for failure in her job, and ultimately fired her.

25. Defendant acted in a willful and malicious manner in sabotaging Plaintiff's employment in an effort to defeat the public policy protecting employees who exercise their legal rights under the Acts.

## IV.
## VIOLATIONS OF THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT "ERISA"

26. Plaintiff was a participant in and beneficiary of employee benefits plans sponsored by Defendant which are subject to ERISA.

27. At all relevant times Defendant acted as sponsor and administrator or co-administrator of the ERISA plans.

28. When Defendant violated the FLSA by repeatedly refusing to pay Plaintiff overtime, and retaliated against her for making complaints regarding same, Defendant violated ERISA by

interfering with Plaintiff's employment in retaliation for exercising her rights, with the intent to interfere with the attainment of rights under Defendant's disability, pension, medical and leave plans in violation of ERISA.

29. At all times Defendant acted as the administrator and/or co-administrator of the ERISA plans. Defendant made representations to Plaintiff regarding her rights to benefits and rights under ERISA plans. Defendant by virtue of its position and conduct had fiduciary obligations imposed upon it under ERISA, which it violated by conduct as described in the previous paragraphs.

30. As a result of Defendant's willful and malicious actions in violation of said Acts, it has caused, in part or in whole, Plaintiff's damages in the form of back pay wages, front pay wages, front pay overtime wages, all loss of earnings in the future as a result of its unlawful acts. Defendant should be required to pay such damages, including exemplary damages, pre and post judgment interest, all costs reasonably associated with this litigation, court costs and reasonable attorney fees due to its willful, malicious and wanton retaliatory actions.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow Plaintiff to recover the following:

   a. all direct damages;
   b. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;
   c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;
   d. liquidated damages;
   e. exemplary damages;

f. attorney fees;

g. court costs, including the costs of litigation;

h. pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and

i. any other relief that the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

GALE LAW GROUP, PLLC
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
Amie Augenstein
Amie@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

*/s/ Christopher J. Gale*
Christopher J. Gale
Chris@GaleLawGroup.com
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257

## NOTICE OF ELECTRONIC FILING

    The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 15th day of May, 2018.

                                         /s/ *Amie Augenstein*
                                         Amie Augenstein